UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MASOODA KHAN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:23-cv-01399** |
| **GEOVERA SPECIALTY**<br>**INSURANCE COMPANY.**<br>    **Defendant** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss by Defendant GeoVera Specialty Insurance Company.[1] Plaintiff opposes the motion.[2] Defendant filed a reply.[3]

## BACKGROUND

The conduct at issue in the instant litigation stems from damage to Plaintiff's Metairie, Louisiana property caused by Tropical Storm Arthur on or about May 15, 2020.[4] Plaintiff alleges that on or about May 27, 2020, Plaintiff reported the damage to Defendant, the insurer of the property at the time the damage occurred.[5] Plaintiff further alleges that on June 2, 2020, a claims representative working for Defendant, responded to the claim, and around June or July 2020, a claims adjuster working for Defendant performed an inspection of the damage, and evaluated Plaintiff's damages at $2,311.98.[6]

On May 13, 2022, Plaintiff filed suit in state court against GeoVera Advantage Insurance Services, Inc. ("GeoVera Advantage") for breach of insurance contract and

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] R. Doc. 18.
[4] R. Doc. 1-3 at p. 3.
[5] *Id.* at p. 4.
[6] *Id.* at p. 5.

violation of Louisiana's bad faith statutes, Louisiana Revised Statutes §§ 22:1892 and 22:1973.[7]

On January 30, 2023, GeoVera Advantage filed a Peremptory Exception of No Right of Action, arguing Plaintiff had no action against GeoVera Advantage as it was not the entity that issued the policy.[8] In response, on March 16, 2023, Plaintiff filed an *Ex Parte* Motion to Substitute Party.[9] The state court granted Plaintiff leave to amend on March 20, 2023.[10] On April 3, 2023, Plaintiff filed a First Amending and Supplemental Petition substituting GeoVera Specialty Insurance Services, Inc. ("GeoVera Specialty") in place of GeoVera Advantage. [11] On April 27, 2023, Defendant GeoVera Specialty removed this matter to federal court.[12]

On May 8, 2023, Defendant filed a Motion to Dismiss arguing Plaintiff's claims against GeoVera Specialty were prescribed and the First Amended Petition did not relate back to the original Petition such that the prescription issue may be cured.[13]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15]

---

[7] *Id.* at pp. 7-8.
[8] R. Doc. 1-3 at p. 36.
[9] R. Doc. 9-1 at p. 1.
[10] R. Doc. 1-3 at p. 84.
[11] R. Doc. 9-1 at p. 1.
[12] R. Doc. 9-1 at p. 2.
[13] R. Doc. 9.
[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] However, the court does not accept as true legal conclusions or mere conclusory statements,[17] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[18] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[19]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[20] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."[21] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[22]

## ANALYSIS

Defendant filed the instant Motion to Dismiss arguing that, on April 3, 2023, when Plaintiff filed a First Amending and Supplemental Petition substituting GeoVera Specialty for GeoVera Advantage, her claims were prescribed per the policy terms.[23] Plaintiff argues the First Amended Petition relates back to the original such that the amended petition is timely filed.[24]

---

[16] *Id.*
[17] *Id.*
[18] *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[19] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[20] *Twombly*, 550 U.S. at 555.
[21] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[22] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[23] R. Doc. 9 at p. 2.
[24] In Plaintiff's opposition, she also argues the state court, before removal, ruled that the amended Petition related back to the original Petition when it granted Plaintiff's *Ex Parte* Motion to Substitute Party.[24] Plaintiff further alleges that the state court granted the motion because the amended Petition met all the

3

Plaintiff's claims are prescribed unless the First Amended Petition relates back to the original Petition, pursuant to Federal Rule of Civil Procedure 15.[25] Rule 15 provides in relevant part:

> (c) Relation Back of Amendments.
> (1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the [90-day] period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[26]

The plaintiff has the burden to prove that an amended complaint relates back to the original Petition under Rule 15.[27]

The Court finds a decision from the United States District Court for the Western District of Louisiana highly persuasive in the instant matter. In *Lacy v. GeoVera*

---

requirements for Article 1153, Louisiana's relation back article. However, there is no evidence of this. The order granting the substitution merely states that GeoVera Specialty is the real party in interest and allowed Plaintiff to file an amended Petition. Neither the state court's order nor the Plaintiff's motion speaks to Article 1153, the element required under it, or relation back in any sense. For these reasons, no evidence supports the assertion that the state court has already ruled on this issue. Accordingly, the Court will consider the merits of Defendants Motion to Dismiss.

[25] Louisiana Code of Civil Procedure article 1153 governs relation back in Louisiana. That said, federal courts are required to apply federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Therefore Federal Rule of Civil Procedure 15, a procedural rule for amending pleadings, applies in the federal courts. The only possible exception is in the accompanying notes to the 1991 Amendments to Rule 15, which states that when the state law offers a more forgiving take on relation back principles, the more forgiving rule should be available to save the claim. However, the Louisiana Supreme Court has interpreted Article 1153 to permit application of the relation back doctrine under the same circumstances as Rule 15(c)(3). *See Ray v. Alexandria Mall*, 434 So. 2d 1083, 1085 (La. 1983); *Harris v. Advance Transformer Co.*, No. CIV. A. 98-2312, 2000 WL 726889, at *4 (E.D. La. June 6, 2000). Accordingly, the Court will apply Rule 15.

[26] Fed. R. Civ. P. 15.

[27] *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011).

*Advantage Services Inc.*, the court held the plaintiffs failed to carry their burden of demonstrating an amendment related back to the original Petition.[28] In *Lacy*, the plaintiffs filed a suit against GeoVera Advantage Services, Inc. for breach of contract and bad faith under La. R.S. § 22:1892 and § 22:1973.[29] Defendant GeoVera Advantage filed a motion to dismiss arguing it was the wrong defendant because it did not issue the policy.[30] In response, the plaintiffs amended their complaint naming GeoVera Specialty as the defendant.[31] The amendment was made after the prescriptive period expired and 154 days after filing the original complaint. [32]

Noting that Rule 15(c)(1)(C) requires a new defendant must receive notice of the action within the time frame set up by Rule 4(m), the Court held the plaintiffs failed to carry their burden of establishing relation back.[33] The court reasoned that, although the entities may have a relationship, filing a suit against the broker of an insurance policy is not the same as filing a suit against the insurer.[34] The Court also rejected the plaintiffs' argument that the insurer had notice of the suit because it shared counsel with the broker.[35] Therefore, the Court concluded GeoVera Specialty received notice of the suit for the first time 154 days after the original suit filing, and thus the amended petition did not relate back to the original filing date.[36]

---

[28] *Lacy v. GeoVera Advantage Servs. Inc.*, No. 2:22-CV-05978, 2023 WL 3022566, at *3 (W.D. La. Apr. 20, 2023).
[29] *Id.* at *1.
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id. at* *2. The court in *Lacy* mistakenly determined that Rule 4(m) allowed 120 days as the presumptive time for serving a defendant. The actual length is 90 days. Fed. R. Civ. P. 4(m) advisory committee's note (2015 Amendments)("Subdivision (m). The presumptive time for serving a defendant is reduced from 120 days to 90 days.").
[34] *Id.*
[35] *Id.*
[36] *Id.* at *3.

Like the plaintiffs in *Lacy*, Plaintiff originally filed a petition against GeoVera Advantage, claiming breach of contract and bad faith under La. R.S. § 22:1892 and § 22:1973.[37] Additionally, like the plaintiffs in *Lacy,* Plaintiff amended her petition after the prescriptive period had expired and gave notice to GeoVera Specialty later than the 90 days allowed by Rule 15(c)(1)(C) after the filing of the original complaint.[38] Accordingly, Plaintiff has the burden of proving that GeoVera Specialty had notice of the action within 90 days of the filing of the original complaint.[39]

In her opposition, Plaintiff alleges that Defendant was put on notice of the suit because Defendant knew Plaintiff was unhappy with the payout from the policy.[40] In support of this allegation, Plaintiff provided the Court with an email sent from Plaintiff's personal financial representative to Defendant GeoVera Specialty on December 10, 2020.[41] The email states that Plaintiff wanted to speak to GeoVera Specialty and was "very unhappy" with the payout from the policy.[42] This email, sent in December 2020 is insufficient to put Defendant on notice of a suit against them filed nearly a year and a half later in May 2022. Having failed to provide any additional evidence of notice, Plaintiff has failed to establish Defendant was on notice such that the amended petition relates back to the original filing date.[43]

---

[37] R. Doc. 1-3 at pp. 6-7.
[38] R. Doc. 9-1 at pp. 2-3.
[39] *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011); *see Booker v. Reyes*, No. CV 20-634-JWD-RLB, 2021 WL 3173581, at *6 (M.D. La. July 26, 2021),
[40] R. Doc. 11 at p. 6.
[41] R. Doc. 11-2 at p. 1.
[42] *Id.*
[43] Although the Court can extend the 90-day time frame under Rule 4(m) for good cause, Plaintiff did not raise this argument, and the Court refrains from making this argument for Plaintiff. Even if Plaintiff raised such an argument, the circumstances do not suggest that an extension for good cause would be appropriate. To establish good cause, the plaintiff has the burden of demonstrating excusable neglect that is beyond inadvertence, mistake, or ignorance of the rules. Fed. R. Civ. P. 4. Plaintiff has failed to carry this burden.

Accordingly, Plaintiff's claims against Defendant are prescribed, and the motion to dismiss shall be granted.

## **CONCLUSION**

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED**.[44]

**New Orleans, Louisiana, this 17th day of July, 2023.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 9.