UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MASOODA KHAN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1399** |
| **GEOVERA SPECIALTY INSURANCE COMPANY,**<br>    **Defendant** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration of this Court's July 17, 2023 Order and Reasons filed by Plaintiff Masooda Khan.[1] For the reasons that follow, the Motion is **DENIED**.

## BACKGROUND

The conduct at issue in the instant litigation stems from damage to Plaintiff's Metairie, Louisiana property caused by Tropical Storm Arthur on or about May 15, 2020.[2] Plaintiff alleges that on or about May 27, 2020, Plaintiff reported the damage to Defendant, the insurer of the property at the time the damage occurred.[3] Plaintiff further alleges that on June 2, 2020, a claims representative working for Defendant, responded to the claim, and around June or July 2020, a claims adjuster working for Defendant performed an inspection of the damage, and evaluated Plaintiff's damages at $2,311.98.[4]

On May 13, 2022, Plaintiff filed suit in state court against GeoVera Advantage Insurance Services, Inc. ("GeoVera Advantage") for breach of insurance contract and

---

[1] R. Doc. 25.
[2] R. Doc. 1-3 at 3.
[3] *Id.* at 4.
[4] *Id.* at 5.

1

violation of Louisiana's bad faith statutes, Louisiana Revised Statutes §§ 22:1892 and 22:1973.[5]

On January 30, 2023, GeoVera Advantage filed a Peremptory Exception of No Right of Action, arguing Plaintiff had no action against GeoVera Advantage as it was not the entity that issued the policy.[6] In response, on March 16, 2023, Plaintiff filed an *Ex Parte* Motion to Substitute Party.[7] The state court granted this motion and further granted Plaintiff leave to file an amended petition on March 20, 2023.[8] On April 3, 2023, Plaintiff filed a First Amending and Supplemental Petition substituting GeoVera Specialty Insurance Services, Inc. ("GeoVera Specialty") in place of GeoVera Advantage.[9] On April 27, 2023, Defendant GeoVera Specialty removed this matter to federal court.[10]

On May 8, 2023, Defendant filed a Motion to Dismiss arguing Plaintiff's claims against GeoVera Specialty were prescribed and the Amended Petition did not relate back to the original Petition such that the prescription issue may be cured.[11] On July 17, 2023, this Court granted the Motion to Dismiss.[12] Plaintiff now moves for reconsideration of the Court's Order and Reasons to Dismiss.[13]

## LAW AND ANALYSIS

Plaintiff moves this Court under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider the July 17, 2023 Order and Reasons dismissing this case.[14]

---

[5] *Id.* at 7-8.
[6] R. Doc. 1-3 at 36.
[7] R. Doc. 1-3 at 82.
[8] R. Doc. 1-3 at 84.
[9] R. Doc. 1-3 at 87.
[10] R. Doc. 1.
[11] R. Doc. 9.
[12] R. Doc. 20.
[13] R. Doc. 25.
[14] *Id.*

A Rule 59(e) motion to alter or amend "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion.[15] To prevail on a Rule 59(e) motion, the movant must clearly establish at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact.[16] "Manifest error" is one that "is plain and indisputable."[17] A Rule 59(e) motion is "not the vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[18] Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence."[19] "A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent."[20]

Broadly, Plaintiff argues the Court erred in its July 17, 2023 Order and Reasons by finding that Plaintiff's Amended Petition did not relate back to the original Petition, pursuant to Federal Rule of Civil Procedure 15(c).[21] More specifically, Plaintiff argues GeoVera Specialty was on notice within 90 days of the filing of the original Petition that it was, or should have been, the correct Defendant in this matter.[22] Plaintiff argues

---

[15] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[16] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). *See also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Norris v. Causey*, No. 14-1598, 2016 WL 311746, at *4 (E.D. La. Jan. 26, 2016).
[17] *See, e.g., Pechon v. La. Dep't of Health and Hospitals*, No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004); *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("[A] manifest error is an obvious mistake or departure from the truth.") (internal quotation marks omitted)).
[18] *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted).
[19] *Id.* (citations omitted).
[20] *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp.3d. 690, 693 (M.D. La. 2016) (citation and internal quotations marks omitted).
[21] *See* R. Doc. 25-1.
[22] See, e.g. R. Doc. 25-1 at 3-4 ("GeoVera [Specialty] ha[d] already been substituted as a real party in interest and Defendant ha[d] fair notice of what the Plaintiff's claims are and the grounds upon which it rests.")

3

GeoVera Specialty's alleged notice of the proceedings fulfilled the requirements of Federal Rule of Civil Procedure 15(c)(1)(C).[23] In making her arguments, Plaintiff fails to clearly identify the basis for her Motion for Reconsideration under Rule 59(e). Plaintiff's arguments plausibly relate only to the third basis for reconsideration under Rule 59(e), that is, a manifest error in law or fact.

I. **Plaintiff's first argument: The Court made a manifest error of law in finding GeoVera Specialty did not have timely notice of the suit because of its relationship to GeoVera Advantage.**

To support her contention that the Court erred in finding Plaintiff's Amended Petition did not relate back to the original Petition, Plaintiff argues "GeoVera Specialty and GeoVera Advantage are interwoven and highly connected,"[24] and therefore GeoVera Specialty had timely notice of the suit.[25] To support this contention, Plaintiff raises several claims, including claims that 1) GeoVera Advantage and GeoVera Specialty share an attorney,[26] and 2) the two companies share an identity of interests.[27]

Plaintiff made the argument that GeoVera Specialty was sufficiently related to GeoVera Advantage to have had timely notice of the suit in her opposition to Defendant's

---

[23] Plaintiff cites "Rule 15(c)(3)" throughout her Motion for Reconsideration. (*See* R. Doc. 25-1). However, no such rule exists. The Court presumes Plaintiff's intended citation was Rule 15(c)(1)(C), given the content of her arguments. Rule 15(c)(1)(C) provides that an amended pleading relates back to the date of the original pleading when:
> "(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the [90-day] period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." (Fed. R. Civ. P. 15).

[24] R. Doc. 25-1 at 3.
[25] R. Doc. 25-1 at 6.
[26] R. Doc. 25-1 at 4-5.
[27] R. Doc. 25-1 at 5-8.

4

Motion to Dismiss.[28] The Court considered and rejected the argument,[29] relying on *Lacy v. GeoVera Advantage Servs. Inc.*, which held that "filing a lawsuit on the brokerage [GeoVera Advantage] does not automatically impute knowledge on the insurance policy provider, GeoVera Specialty."[30]

A motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[31] Plaintiff's renewed attempts to establish a relationship between GeoVera Advantage and GeoVera Specialty sufficient to support a finding of notice on the latter rehash a previously decided issue. Accordingly, this is not a basis for reconsideration under Rule 59(e).

II. **Plaintiff's second argument: The Court made a manifest error of fact in failing to consider GeoVera Specialty's sanctions by the Louisiana Insurance Commissioner.**

Plaintiff argues the instant matter is distinguishable from *Lacy* because "GeoVera Specialty has been just recently sanctioned by [the] Louisiana Insurance Commissioner's [sic] for 'methods, act, and practice which are defined as unfair and deceptive.'"[32] Plaintiff does not include any further reference to this argument in her motion, so it is unclear what the purported impact of this document is on the issue of dismissal. Moreover, the cited "Cease and Desist Order" is dated June 9, 2022, well before *Lacy* was decided, so it has no bearing on the applicability of *Lacy* to the instant matter. In any case, the issue of GeoVera Specialty being sanctioned is a new argument that was not, but could and should

---

[28] *See, e.g.*, R. Doc. 11 at 6. ("GeoVera Specialty Insurance Company, was not [] wholly new or unrelated [to] GeoVera Advantage Insurance Services, Inc., as they were the company handling the damages sustained by Ms. Khan's residence from Tropical Storm Arthur Claim [sic].")
[29] R. Doc. 20 at pp. 5-6.
[30] No. 2:22-CV-05978, 2023 WL 3022566 *3 (W.D. La. Apr. 20, 2023).
[31] *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F.Supp.2d 1233, 1235 (D. Kansas 3/4/2003).
[32] R. Doc. 25-1 at 3, citing Cease and Desist Order from Louisiana Department of Insurance to GeoVera Specialty dated June 6, 2022, R. Doc. 25-5.

5

have been, raised in Plaintiff's opposition to Defendant's Motion to Dismiss. Under Rule 59(e), a motion for reconsideration cannot be used to "raise issues that 'could, and should, have been made before the [Order and Reasons] was issued.'"[33]

### III. Plaintiff's third argument: the Court made a manifest error of law in disregarding the substitution of GeoVera Specialty for GeoVera Advantage by the state court judge.

Plaintiff argues the state court's substitution of GeoVera Specialty for GeoVera Advantage fulfilled the notice requirement of Rule 15(c).[34] Plaintiff made this argument in its opposition to Defendant's Motion to Dismiss.[35] As previously stated, a motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[36]

Even if the Court were to address the issue of substitution by the state court anew, it would not change the Court's decision. The state court granted Plaintiff's motion to "substitute GeoVera Specialty Insurance Company, as the real party in interest in place of [] GeoVera Advantage Insurance Services, Inc." on March 20, 2023, and further ordered Plaintiff to file an Amended Petition naming GeoVera Specialty as Defendant.[37] Plaintiff seems to argue that the state court's substitution of GeoVera Specialty in place of GeoVera Advantage eliminated the need for the application of the relation back doctrine to the Amended Petition that added GeoVera Specialty as Defendant.[38] However, under Louisiana law, substitution of a party is a procedural vehicle for replacing a deceased or

---

[33] *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).
[34] R. Doc. 25-1 at 7-8.
[35] *See, e.g.*, R. Doc. 11 at 7 ("Here, no amendment of pleading was necessary as the state court already approved such an amendment and there was no objection by GeoVera.").
[36] *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F.Supp.2d 1233, 1235 (D. Kansas 3/4/2003).
[37] R. Doc. 1-3 at 84.
[38] *See, e.g.*, R. Doc. 25-1 at 8 ("Here, no amendment of pleading was necessary as the state court already approved such an amendment and there was no objection by GeoVera.").

otherwise permanently terminated party with its legal successor.[39] The proper procedure for replacing a defendant with another defendant which is not its legal successor, as is the case here, is through the filing of an amended petition.[40] Thus, the state court's March 20, 2023 Order nominally substituted GeoVera Specialty for GeoVera Advantage, but GeoVera Specialty actually became a named defendant in this action only upon the filing of the Amended Petition.[41] This Court determined that GeoVera Specialty was not timely made Defendant in Plaintiff's Amended Petition in its July 17, 2023 Order and Reasons.[42]

Moreover, the state court's Order substituting GeoVera Specialty as Defendant was filed over ten months after Plaintiff filed her original Petition.[43] Thus, even if the March 20, 2023 Order could be considered notice to GeoVera Specialty of the claims against it, this notice, like the Amended Petition, was provided well after the 90-days required by Rule 15(c)(1)(C). As such, even if the March 20, 2023 Order could be considered an amendment to Plaintiff's original pleading, it does not relate back to the original pleading.

Thus, the Court did not make a manifest error of law in finding the state court's Order substituting GeoVera Specialty as Defendant did not provide timely notice such that this pleading related back to Plaintiff's original Petition. Accordingly, Plaintiff's argument to this effect is not a basis for reconsideration under Rule 59(e).

---

[39] La. Code Civ. Proc. arts. 801-807; *see also Melara v. Gov't Emps. Ins. Co.*, 00-1305 (La. App. 5 Cir. 12/13/00), 777 So. 2d 552, 554 (finding failure to substitute legal successor as defendant precluded recovery from named defendant).
[40] La. Code Civ. Proc. arts. 1151, 1153.
[41] See La. Code Civ. Proc. art. 1153; *Ray v. Alexandria Mall*, 434 So. 2d 1083, 1085 (La. 1983).
[42] This Court determined that the Plaintiff's claim against GeoVera Specialty at the time the Amended Petition was filed had prescribed since the amendment adding GeoVera Specialty as Defendant did not meet the relation-back requirements of Rule 15(c)(1)(C). (R. Doc. 20 at 6).
[43] The Order was signed on March 20, 2023 (R. Doc. 1-3 at 84). Plaintiff's original Petition was filed on May 13, 2022 (R. Doc. 1-3 at 2).

### IV. Plaintiff's fourth argument: the Court made a manifest error of law in disregarding GeoVera Specialty's waiver of service.

Plaintiff argues GeoVera Specialty's waiver of service of the Amended Petition should have convinced the Court to deny Defendant's Motion to Dismiss.[44] Once again, Plaintiff made this argument in its opposition to Defendant's Motion to Dismiss.[45] As previously stated, a motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[46]

It is unclear exactly what import Plaintiff placed on GeoVera Specialty's waiver of service, but assuming Plaintiff equated waiver of service with waiver of prescription, this argument lacks merit. Though renunciation of prescription may be tacit,[47] it must still be "unequivocal, and only occurs when the intent to renounce is clear, direct, absolute and manifested by words or actions of the party in whose favor prescription has run."[48] Waiver of service is not an unequivocal renunciation of the defense of prescription.[49] Thus, the waiver of service has no effect on the Court's decision of whether to dismiss the case and therefore is not a basis for reconsideration under Rule 59(e).

At bottom, it is clear Plaintiff filed the instant Motion because it does not agree with this Court's decision. That, however, is not a basis for this Court to reconsider its July 17, 2023 Order and Reasons. Accordingly, Plaintiff has not established the existence

---

[44] R. Doc. 25-1 at 3. ("Lastly, most important detail overlooked by this Honorable Court—GeoVera Specialty waived serviced! [sic]").
[45] R. Doc. 11 at 7-8.
[46] *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F.Supp.2d 1233, 1235 (D. Kansas 3/4/2003).
[47] La. Civ. Code art. 3450.
[48] *Coleman v. Ace Prop. & Cas. Ins. Co.*, 19-305 (La. App. 5 Cir. 11/27/19), 284 So. 3d 1262, 1270 (citing *Queen v. W. & W. Clarklift, Inc.*, 537 So.2d 1214, 1216 (La. 4 Cir. App. 1989)).
[49] In fact, the waiver of service signed by GeoVera Specialty, R. Doc. 1-3 at 92, specifically reserves "all other rights, defenses, and legal delays," which would include the defense of prescription.

of a clear manifest error of law or fact in the Court's July 17, 2023 Order and Reasons, and her Motion must be denied.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration[50] is **DENIED**.

**New Orleans, Louisiana, this 25th day of September, 2023.**

                                                  **SUSIE MORGAN**
                                        **UNITED STATES DISTRICT JUDGE**

---

[50] R. Doc. 25.